UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SHOKHRUKH ABDULLAEV, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-346 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

# ORDER

Petitioner Shokhrukh Abdullaev is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, on the Due Process Clause of the Fifth Amendment, and on a declaratory judgment issued in a class action lawsuit in California.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses Petitioner's statutory arguments. Petitioner attempts to distinguish *Buenrostro* on the grounds that the decision is limited "to individuals that entered without inspection[,]" and here, Petitioner presented himself at a port of entry and was paroled into the United States. (Statement, Doc. 16, 1) He also asserts that *Buenrostro* did not address whether the law permits Respondents to detain an individual under Section 1225(b) without notice or other procedural protections, when the individual had previously been released under 8 U.S.C. § 1226(a). And he contends that *Buenrostro* also did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. Finally, he relies on the recent declaratory

judgment in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), asserting that the decision binds Respondents.

For the following reasons, the Court concludes that Petitioner's remaining claims lack merit.

**I.**

Petitioner argues that he is not an applicant for admission under Section 1225(b)(2)(A), contending that *Buenrostro* does not control as to individuals paroled into the country.

In 2021, Petitioner presented himself at the San Ysidro Port of Entry in California. He was paroled into the United States while he pursued his asylum claim. In 2025, Respondents detained Petitioner and have held him in custody. Petitioner argues that because he was paroled into the country, "he was no longer an applicant for admission seeking admission and there should be properly under 8 U.S.C. § 1226 as opposed to 8 U.S.C. § 1225." (Statement, Doc. 16, 2)

The law does not support Petitioner's position. "Parole, be it advance or otherwise, is only available to an 'alien applying for admission to the United States,' and the alien remains an applicant for admission while on parole." *Duarte v. Mayorkas*, 27 F.4th 1044, 1059 (5th Cir. 2022). While an alien may be free to live, work, and travel within the United States while on parole, that alien remains "legally equivalent to an alien that is held in custody at the border while their application for admission is processed." *Id*. Petitioner's parole did not alter his legal status as an applicant for admission, rendering him subject to Section 1225(b)(2)(A) under *Buenrostro*.

**II.**

Petitioner contends that having initially detained and paroled him under Section 1226, Respondents cannot reclassify and detain him under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing.

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 2026 WL 323330, at *7. The Fifth

Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id.*, at *9. Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since he entered the country.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted." Thus, any alien has the opportunity to demonstrate clear entitlement to admission, thus avoiding the statute's mandatory detention provision. Here, Petitioner does not assert that he could make such a showing or that he was prevented from attempting to do so.

### III.

Petitioner argues that his continued detention under Section 1225(b)(2)(A)–i.e., without an opportunity to seek an individualized bond hearing–violates his Fifth Amendment due process rights.

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is

satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

**IV.**

Petitioner characterizes relies on February 18, 2026, ruling in *Maldonado*, and related decisions as binding upon Respondents. The Court, however, disagrees that the decisions in that matter provide a basis for relief to Petitioner in this Court.

First, the district court in *Maldonado* limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). To the extent that Petitioner argues that the February 2026 decision extended the reach of the relief that the case affords, he offers no persuasive argument in support of the argument. And the Court finds, as other district courts have concluded, that the decision represents persuasive authority rather than binding precedent. *See e.g., Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026).

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

## V.

For these reasons, the Court concludes that Petitioner is not entitled to relief. Accordingly, it is:

**ORDERED** that Petitioner Shokhrukh Abdullaev's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on March 12, 2026.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge